**In the United States District Court
for the District of Kansas**

---

Case No. 23-cr-40013-TC

---

UNITED STATES OF AMERICA,

*Plaintiff*

v.

COURTNEY L. CROCKETT,

*Defendant*

---

### MEMORANDUM AND ORDER

A grand jury indicted Courtney Crockett for one count of possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Doc. 1 at 1–2. Crockett moves to dismiss the indictment for failure to state an offense. Doc. 20. For the following reasons, his motion is denied.

### I

### A

Federal Rule of Criminal Procedure 12 generally permits pretrial resolution of motions asserting "any defense, objection, or request" that can be determined "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A defendant may move to dismiss an indictment under Rule 12(b) for several reasons, including failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). On such a motion, "the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962) and *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). If the government is incapable, as a matter of law, of proving its a case beyond reasonable doubt based on facts

in the indictment or the undisputed facts, dismissal is proper. *United States v. Chavez*, 29 F.4th 1223, 1226 (2022).

These rules also apply where the defendant mounts an as-applied constitutional challenge to his indictment. The challenge must not require a trial on the merits to determine the constitutional objection and the "legal adequacy of an indictment must be analyzed solely on the basis of the factual allegations contained in the indictment." *United States v. Pope*, 613 F.3d 1255, 1258 (10th Cir. 2010) (holding that a constitutional objection under 12(b) based on *District of Columbia v. Heller* could not be resolved pretrial). When facts outside the indictment or a set of agreed facts would assist in determining the validity of the defendant's claim, Rule 12 does not permit disposition before trial. *Id.* at 1259 (citing *United States v. Covington*, 395 U.S. 57, 60 (1969)). But if the challenge requires a court "to answer only pure questions of law," pretrial disposition is appropriate. *Id.* at 1260.

**B**

A federal grand jury indicted Crockett on one count of possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Doc. 1 at 1–2. Crockett is a "prohibited person" because he was previously convicted and sentenced for a felony. *Id.*; *see also* Doc. 20 at 2.

Crockett moves to dismiss the indictment, Doc. 1, for failure to state an offense, Doc. 20. He argues "the Government cannot demonstrate that [Section 922(g)(1)], as applied to [him], 'is consistent with this Nation's historical tradition of firearm regulation.'" *Id.* at 1 (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2134–35 (2022)). At its core, Crockett's position is that *Bruen* undermined circuit precedent that rejected a Second Amendment challenge to Section 922(g)(1). *See generally United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). The Government disagrees, arguing that "[t]he defendant's motion can be overruled…given the recent decision by the Tenth Circuit in *Vincent v. Garland*." Doc. 22 at 3 (citing 80 F. 4th 1197 (10th Cir. 2023)).

**II**

The Second Amendment protects an individual's right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). But this right "is not unlimited." *Id.* As a result, the Second Amendment

presents no constitutional impediment to many of the federal government's longstanding prohibitions on firearm ownership. *Id.* at 636.

The Indictment charges Crockett with violating one such prohibition, 18 U.S.C. § 922(g)(1). Section 922(g)(1) makes it illegal "for any person…who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or foreign commerce…any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Or, put more simply, Section 922(g)(1) criminalizes firearm possession by felons.

In *United States v. McCane*, the Tenth Circuit confirmed that Section 922(g)(1) does not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009). The Supreme Court revisited the scope of the Second Amendment in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*. 597 U.S. —, 142 S. Ct. 2111 (2022). Doc. 20 at 2. To resolve *Bruen*, the Supreme Court clarified the relevant constitutional inquiry. First, a court asks whether the Second Amendment's plain text covers an individual's conduct. *Id.* at 2126. If it does, a court then asks whether the government has shown that its ban is consistent with the nation's "historical tradition of firearm regulation." *Id.* The *Bruen* test arose after the Supreme Court decided *Heller* and the Tenth Circuit decided *McCane*. So Crockett effectively argues that *Bruen* displaced *McCane* and that under *Bruen*'s formulation of the test, Section 922(g)(1) is unconstitutional as applied to him. Doc. 20 at 2.

The Tenth Circuit considered and rejected a similar argument in *Vincent v. Garland*. 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit clarified that "the emergence of a new test doesn't necessarily invalidate [the Tenth Circuit's] earlier precedent." *Id.* at 1200. And although "*Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons." *Id.* Section 922(g)(1) is one such ban. "*McCane* squarely upheld the constitutionality of [Section 922(g)(1)]." *Id.* at 1202. Since *Bruen* did not "indisputably and pellucidly abrogate" the Tenth Circuit's "precedential opinion in *McCane*," that opinion remains the controlling law.

Under *McCrane*, as reaffirmed by *Vincent*, the Indictment presents no Second Amendment issue. *See* Doc. 23 at 1 (acknowledging *Vincent* and stating that Crockett "nevertheless wish[es] to reserve [his]

3

constitutional arguments for further review"). Section 922(g)(1) is constitutional as applied to Crockett.

### III

For the foregoing reasons, Crockett's Motion to Dismiss, Doc. 20, is DENIED.

It is so ordered.

Date: October 18, 2023                     s/ Toby Crouse
                                           Toby Crouse
                                           United States District Judge